

FILED
November 03, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002199160

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT B. KAPLAN (Bar. No. 76950)
   (rbk@jmbm.com)
NICOLAS DE LANCIE (Bar. No. 84934)
   (nde@jmbm.com)
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Secured Creditor PACIFIC COAST
BANKERS' BANK, as Agent

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | Case No. 09-26417 CMK |
|---|---|
| SUMMERFIELD APARTMENTS IN DIXON, LLC, | Chapter 11 |
| | WFH-6 |
| Debtor. | Hearing: |

November 17, 2009
9:30 a.m.
Honorable Christopher M. Klein
Department C

**STATEMENT OF PACIFIC COAST BANKERS' BANK, AS AGENT, REGARDING APPLICATION FOR INTERIM ALLOWANCE OF FEES AND COSTS OF WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP**

PACIFIC COAST BANKERS' BANK, as agent (in that capacity, the **"Bank"**) for BANK OF SACRAMENTO (**"BoS"**) with respect to the senior deed of trust held by BoS encumbering the principal asset of SUMMERFIELD APARTMENTS IN DIXON, LLC (the **"Debtor"**), the debtor and debtor in possession in the above-captioned Chapter 11 case (the **"Case"**), respectfully submits this statement regarding the Application for Interim Allowance of Fees and Costs of Wilke, Fleury, Hoffelt, Gould & Birney, LLP, filed in the Case on October 19., 2009 [Docket No. 107]

(the **"Application"**; that firm, the **"Debtor's Counsel"**; and this statement, this **"Statement"**), counsel for the Debtor in the Case[1].

As the Application notes with respect to the approximately $102,000 held by the Debtor as of the end of September, "Debtor recognizes that the secured creditors assert that these funds are cash collateral, and will not disburse these funds without court approval or consent of the secured creditors." Application, p. 4, ll. 25.5–26.5. Indeed, pursuant to the Interim Order Authorizing Use of Cash Collateral and Adequate Protection entered in the Case on October 2, 2009 [Docket No. 103] (the **"Cash Collateral Order"**)[2], the Debtor may not use any Cash Collateral except "to pay (but only to pay) the ordinary, reasonable, and actual costs and expenses of operating the Debtor's real property located at 400–480 Ellesmere Drive, Dixon, California (the **'Real Property'**), and renovating certain units of the Real Property" (those expenses, the **'Permitted Expenses'**)" (Cash Collateral Order, ¶ 2, p. 2, ll. 17–20), and legal fees and costs of the Debtor's Counsel are not among the Permitted Expenses of the Real Property.

Thus, in light of the Debtor's recognition that, notwithstanding any granting of the Application, it may not pay them without the consent of the Bank and BoS, the Bank has no objection to the Application.

Dated: November 3, 2009.

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT B. KAPLAN
NICOLAS DE LANCIE

By: _____/s/ Nicolas De Lancie_____
　　　　　Nicolas De Lancie

Attorneys for Secured Creditor
PACIFIC COAST BANKERS' BANK, as Agent

---

[1] While there are no factual issues raised by this Statement, pursuant to Local Bankruptcy Rule 9014-1(f)(1)(ii), the Bank consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(e) as made applicable by FRBP 9017.

[2] A capitalized terms used but not defined in this Statement have the meanings given those terms in the Cash Collateral Order.